## W. H. ROLAND v. LANCASTER CO. N. BANK.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 21, 1890—Decided June 2, 1890.

Where shares of stock, having a market value, are pledged to secure a particular indebtedness, with power to sell and apply, there is no jurisdiction in equity to compel a re-transfer of the pledge and an account, the transaction being single and the pledgor having a complete and adequate remedy at law.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and McCOLLUM, JJ.

No. 51 July Term 1890, Sup. Ct.; court below, Eq. D. No. 2, p. 335.

On November 14, 1888, Wm. H. Roland, assignee for the benefit of creditors of Peter Boffenmyer, by deed of assignment of August 3, 1888, filed a bill in equity averring in substance as follows:

That on July 9, 1888, D. M. Boffenmyer gave to the defendant bank a promissory note for $1,000, payable at ninety days, and at the same time deposited with said bank, as collateral security, ten shares of the stock of the Quarryville National Bank, with power, in the said note given, to sell the said stock "at the brokers' board, or at public or private sale, without demanding payment of this note or the debt due thereon, and without further notice, and apply proceeds or as much thereof as may be necessary to the payment of this note, and all necessary expenses and charges, holding myself responsible for any deficiency;" that on August 3, 1888, said D. M. Boffenmyer by writing under seal assigned his right, title, and interest in and to the said shares of stock to Peter Boffenmyer, and constituted him, his assigns and substitutes, his attorney and attorneys, with power to receive the same, etc., etc., and the said shares of stock, by virtue of the deed of voluntary assignment to the plaintiff passed to the plaintiff as the assignee of the said Peter Boffenmyer, of all which the defendant had notice; that at the time of the maturity of said note, to wit, on October 8, 1888, the plaintiff made a tender to the defendant, in lawful money of the United States, of the amount of said note, and at the same time demanded a return of the said shares of stock held as aforesaid as collateral security; praying: 1. That the defendant be decreed to surrender and transfer to the plaintiff the said ten shares of stock, or, in lieu thereof, the like number of other shares of the stock of said Quarryville National Bank, on the payment by the plaintiff of the amount due on the said note. 2. For further relief.

An answer having been filed, the defendant submitting that the plaintiff was not entitled to relief in equity, issue was joined and the cause referred to *Mr. W. F. Beyer*, as examiner and master.

Subsequently, the master filed a report finding certain facts,

Opinion of the Court.

inter alia, that the stock of the Quarryville National Bank had a market value; that on August 9, 1888, that value was $124.50 per share, and that on that date said stock had been sold by the defendant and the proceeds of sale, over and above the amount required to pay the said note of $1,000, to wit, $265, was applied in part payment of a note for $315 owned by defendant, upon which said D. M. Boffenmyer was an indorser, due and protested on August 6, 1888; and, as a conclusion of law, citing Pittsb. Drove-yard Co.'s App., 123 Pa. 250; Conyngham's App., 57 Pa. 474; Sunbury etc. R. Co. v. Cooper, 33 Pa. 278; Foll's App., 91 Pa. 434; Phila. etc. R. Co. v. Stichter, 11 W. N. 325; Lewis on Stock and Bonds, 144–157, the master ruled that, the stock having a known market value and the transaction single, no ground for jurisdiction in equity existed, and recommended that the bill be dismissed.

Various exceptions were filed by the plaintiff to the report, as to the findings of fact and law. These exceptions being overruled by the master, were filed to his report in court, and after argument thereof were dismissed, without opinion filed, the master's report confirmed and a decree dismissing the bill signed, as recommended by the master. Thereupon, the plaintiff took this appeal, assigning the dismissal of his exceptions and the final decree for error.

*Mr. B. F. Davis* and *Mr. Wm. R. Wilson*, for the appellant.

Counsel cited: Conyngham's App., 57 Pa. 474; Story's Eq. J., § 1032; 3 Pomeroy's Eq. J., § 131; Story on Bailments, § 346; Hart v. Ten Eyck, 2 Johns. Ch. 100; Brown v. Runnals, 14 Wis. 693; Merrill v. Houghton, 50 N. H. 61; White Mountain R. Co. v. Iron Co., 51 N. H. 57; Hasbrouck v. Vandervoort, 4 Sandf. 74; Brush Elec. Co.'s App., 114 Pa. 574; Hall's App., 112 Pa. 42; Adams's App., 113 Pa. 449.

*Mr. Wm. Aug. Atlee*, for the appellee.

Counsel cited: 3 Pars. on Cont., 364; Foll's App., 91 Pa. 434; Conyngham's App., 57 Pa. 474; Phila. etc. R. Co. v. Stichter, 11 W. N. 325; Goodwin Co.'s App., 117 Pa. 514; Pittsb. Drove-yard Co.'s App., 123 Pa. 250.

PER CURIAM:

This case does not require discussion. The plaintiff had a

full, adequate, and convenient remedy at law, and the court
below committed no error in dismissing his bill for want of
jurisdiction.

　　　　　　Decree affirmed and the appeal dismissed, at the
　　　　costs of the appellants.

————◆————

|  | 135 | 601 |
|---|---|---|
|  | 205 | 430 |
|  | 135 | 601 |
|  | 30 SC | 186 |

