## Davis et al., Executors, Appellants, *v.* Republic Trust Co. et al.

*Equity—Recovery of certificate of stock—Discovery—Adequate remedy at law—Replevin or trover.*

1. Executors of an insolvent estate cannot by a bill in equity, recover possession of a single certificate of stock pledged by testator for a note, where defendant claims the right to hold it as collateral for another note, if it appears that no discovery is necessary, and no fraud or other ground of equitable relief is averred.

2. The fact that the executors are trustees for creditors, does not give equity jurisdiction to restore stock to them which they never had.

3. In such case, plaintiffs have an adequate, complete and convenient remedy at law by a writ of replevin for the stock, or an action of trover for its value.

Argued March 21, 1921. Appeal, No. 270, Jan. T., 1921, by plaintiffs, from decree of C. P. No. 1, Phila. Co., June T., 1919, No. 6483, sustaining demurrer to bill in equity, in case of E. I. C. Davis et al., individually and as executors of F. A. Davis, deceased, v. Republic Trust Co.,

and F. A. Davis Co.   Before Moschzisker, C. J., Wall-
ing, Kephart, Sadler and Schaffer, JJ.   Affirmed.

Bill in equity to compel surrender of certificate of
stock.   Before Patterson, J.

The opinion of the Supreme Court states the facts.

The defendant filed a demurrer to the bill.   The court
sustained the demurrer.   Plaintiffs appealed.

*Error assigned,* among others, was decree, quoting it.

*V. Gilpin Robinson,* for appellant.—Equity had juris-
diction: Abbott v. Reeves, 49 Pa. 505; Bank of U. S. v.
Biddle, 2 Pars. 31; Mackintosh v. Tracy, 4 Brewster 59;
Wetherill v. Gallagher, 211 Pa. 306; Cook v. Carpenter,
212 Pa. 165; Denny v. Brunson, 29 Pa. 382; Gormley v.
Clark, 134 U. S. 338; Boyce v. Grundy, 3 Pet. (U. S.)
210; Dauler v. Hartley, 178 Pa. 23; Penna. Co. v. F.
Ins. Co., 181 Pa. 40; Conygham's App., 57 Pa. 474;
Brush Electric Co.'s App., 114 Pa. 574; Conemaugh Gas
Co. v. Gas Co., 186 Pa. 443; Johnston v. Price, 172 Pa.
428; Drake v. Lacoe, 157 Pa. 17; Penna. R. R. v. Bogert,
209 Pa. 589; Cook v. Carpenter, 212 Pa. 165; Harper's
App., 109 Pa. 9; Simes v. Everson, 46 Pa. 304; Abbott
v. Reeves, 49 Pa. 494.

*Owen J. Roberts,* with him *George G. Chandler,* for
Republic Trust Co., appellee.—The complainants have
an adequate remedy at law: Roland v. Bank, 135 Pa.
598.

*W. Horace Hepburn,* for F. A. Davis Co., appellee.

Opinion by Mr. Justice Walling, May 9, 1921:

This bill was filed to recover possession of a certain
certificate of stock pledged as collateral.   In October,
1916, the F. A. Davis Company, a Delaware corpora-
tion, of which F. A. Davis was president and a large

stockholder, obtained a loan of $3,500 from the Central National Bank of St. Petersburg, Florida, for which it gave a four months' promissory note, with F. A. Davis as endorser. There was also pledged as collateral to the note a certificate for one hundred shares of the stock of the F. A. Davis Company, of the par value of $50 per share, which stood in the name of F. A. Davis, who died before the maturity of the note, and plaintiffs are his executors. The note was renewed from time to time, the executors endorsing the same individually and the stock remaining as collateral, until February, 1918, when the last renewal note was given for $2,500, that being the balance then unpaid upon the loan, and, before maturity thereof, it, with the stock as collateral, was transferred to the Republic Trust Company, a Pennsylvania corporation. At the same time the trust company was, and still is, the holder of a $2,100 note given it by Davis individually in 1914, with which there was an agreement, in effect, authorizing the trust company to hold as collateral any stock, bonds, etc., belonging to Davis, which might come into its possession. The Davis company tendered the trust company payment in full of the $2,500 note at its maturity and demanded the surrender thereof together with the stock certificate. The trust company refused to surrender the latter, claiming the right to hold it as collateral to the $2,100 note also. The Davis estate is insolvent and, after such refusal, the executors thereof brought this bill as such, and also as individuals, against the trust company and the Davis company to secure possession of the stock certificate. Defendants demurred to the bill, on the ground, inter alia, that "The plaintiffs have an adequate remedy at law." The court below sustained the demurrer and dismissed the bill; hence, this appeal by plaintiffs.

The bill exhibits no ground for equitable relief; in fact, it sets out nothing upon which to found an action in any court against the Davis company, and as to the trust company, plaintiffs have an adequate, complete and con-

venient remedy at law by a writ of replevin for the stock or an action of trover for its value. The case is simple; there is only one certificate of stock, it was pledged as collateral for one note and the trust company claims the right to hold the stock as collateral for another note; plaintiffs know the exact terms and amount of each, so there is nothing to discover. The Davis company is not in possession of the stock in question and there is no specific averment that it claims to have a lien thereon. Hence the suggestion that plaintiffs might need discovery as to the amount of some claim which that company might make upon the stock is untenable. Plaintiffs as executors undoubtedly hold the estate as trustees for creditors, but that fact does not give equity jurisdiction to restore stock to them which they never had. In the case of Abbott v. Reeves, Buck & Co., 49 Pa. 494, relied upon by appellants, the executors had pledged the stock, which as trustees for creditors they had no power to do, for that reason, equity decreed its restoration, but here the stock was pledged by the testator.

As no fraud is averred, or other ground of equitable relief, we agree with the trial court that the case is governed by Roland v. National Bank, 135 Pa. 598, the syllabus to which is: "Where shares of stock, having a market value, are pledged to secure a particular indebtedness, with power to sell and apply, there is no jurisdiction in equity to compel a retransfer of the pledge and an account, the transaction being single and the pledgor having a complete and adequate remedy at law."

We have examined the numerous authorities cited by appellants but in each case, where equity assumed jurisdiction, there was some reason therefor which is not here present. As to the other questions suggested we express no opinion.

The decree is affirmed and appeal dismissed at the costs of appellants as executors.